UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

CATHERINE J. LOPER,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:18-cv-85

Magistrate Judge Michael J. Newman
(Consent Case)

___

**DECISION AND ENTRY: (1) REVERSING THE ALJ'S NON-DISABILITY FINDING AS UNSUPPORTED BY SUBSTANTIAL EVIDENCE; (2) REMANDING THIS CASE UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR FURTHER PROCEEDINGS; AND (3) TERMINATING THIS CASE ON THE COURT'S DOCKET**

___

This Social Security disability benefits appeal is before the undersigned for disposition based upon the parties' consent. Doc. 9, 10. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[1] This case is before the Court on Plaintiff's Statement of Errors (doc. 11), the Commissioner's memorandum in opposition (doc. 14), Plaintiff's reply (doc. 15), the administrative record (doc. 7),[2] and the record as a whole.

I.

A.     **Procedural History**

Plaintiff filed for DIB and SSI alleging a disability onset date of May 15, 2012. PageID 62. Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, residuals

___

[1] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

of a left anterior cruciate ligament ("ACL") tear, diabetes, bipolar disorder and/or depression, and an anxiety disorder. PageID 65.

After an initial denial of her application, Plaintiff received a hearing before ALJ Gregory G. Kenyon on March 8, 2017. PageID 98-122. The ALJ issued a written decision on July 25, 2017 finding Plaintiff not disabled. PageID 62-77. Specifically, the ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of medium work,[3] "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" PageID 65-77.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 47-49. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

### B. Evidence of Record

The evidence of record is adequately summarized in Plaintiff's Statement of Errors (doc. 11) and the Commissioner's memorandum in opposition (doc. 14). The undersigned incorporates the foregoing and sets forth the facts relevant to this appeal herein.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007).

---

[3] "Medium work" involves the occasional lifting of 50 pounds at a time, and frequent lifting or carrying of objects weighing up to 25 pounds. 20 C.F.R. § 404.1567. Medium work can require standing and walking as much as six hours during any given eight-hour workday. *Id*. It may also involve frequent stooping, grasping, holding, and turning objects. Id. "The functional capacity to perform medium work includes the functional capacity to perform sedentary, light, and medium work." 20 C.F.R. § Pt. 404, Sub Pt. P, App. 2, § 203.00(a).

In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

## B.     "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1.     Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.*, 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In her Statement of Errors, Plaintiff argues that the ALJ erred in (1) weighing the opinion of her treating psychiatrist, E.C. Longo, III, M.D.; and (2) evaluating her credibility. PageID 1128. Finding error in the ALJ's assessment of Dr. Longo's opinion, the undersigned would direct that the ALJ consider Plaintiff's remaining arguments on remand.

Under the regulations in effect prior to March 27, 2017, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2).

A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of

4

the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinions, consistency of the opinions with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c).

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. "The regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)).

Dr. Longo issued an opinion on March 31, 2016, in which he opined that Plaintiff was markedly[4] limited in a number of mental functions, including her ability to understand and remember detailed instructions; maintain attention and concentration for extended periods; perform activities within a schedule; maintain regular attendance; and be punctual within customary tolerances. PageID 796-97. He also found Plaintiff to be markedly limited in a number of social functions, as well, including the ability to accept instructions; respond appropriately to criticism from supervisors; and the ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes. *Id*.

The ALJ ultimately determined that Dr. Longo's opinion "cannot be given controlling or even deferential weight and is instead given little weight." PageID 69. Despite reciting the applicable controlling weight analysis, the ALJ erred in failing to substantively apply it. *Id.* Such a failure is reversible error because "it deprives the Court of the opportunity to meaningfully review whether [the

---

[4] Whereas "mild" and "moderate" functional limitations are generally considered "non-disabling," *see Sims v. Comm'r of Soc. Sec.,* 406 F. App'x 977, 980 (6th Cir. 2011), "marked" and "extreme" limitations are suggestive of disability. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(C); *Lankford v. Sullivan*, 942 F.2d 301, 307 (6th Cir. 1991).

ALJ] undertook the 'two-step' inquiry required when analyzing treating source opinions." *Marks v. Colvin*, 201 F. Supp. 3d 870, 882 (S.D. Ohio 2016).

The ALJ began his assessment of Dr. Longo's opinion by determining that "[f]irstly, Dr. Longo provides no supporting explanations for [his] opinion," and "secondly, treatment records supplied by Dr. Longo do not coincide with [his]" assessment of Plaintiff. PageID 69. The "supportability" and "consistency" factors set forth under 20 C.F.R. § 404.1527(c)(3)-(4), however, are not part of the controlling weight analysis. *Lutz v. Comm'r of Soc. Sec.*, No. 3:16-CV-210, 2017 WL 3140878, at *3 (S.D. Ohio July 25, 2017), *report and recommendation adopted*, No. 3:16-CV-210, 2017 WL 3432725 (S.D. Ohio Aug. 9, 2017); *Dunham v. Comm'r of Soc. Sec.*, No. 3:16-CV-414, 2017 WL 4769010, at *4 (S.D. Ohio Oct. 20, 2017), *report and recommendation adopted sub nom. Dunham v. Berryhill*, No. 3:16-CV-414, 2018 WL 502715 (S.D. Ohio Jan. 22, 2018); *Caraway v. Comm'r of Soc. Sec.*, No. 3:16-CV-138, 2017 WL 3224665, at *4 (S.D. Ohio July 31, 2017), *report and recommendation adopted sub nom. Caraway v. Berryhill*, No. 3:16-CV-138, 2017 WL 3581097 (S.D. Ohio Aug. 17, 2017); *Hall v. Comm'r of Soc. Sec.*, No. 3:17-CV-345, 2018 WL 3386311, at *4 (S.D. Ohio July 12, 2018), *report and recommendation adopted*, No. 3:17-CV-345, 2018 WL 3636590 (S.D. Ohio July 31, 2018); *Wolder v. Comm'r of Soc. Sec.*, No. 3:16-CV-00331, 2017 WL 2544087, at *4 (S.D. Ohio June 13, 2017), *report and recommendation adopted*, No. 3:16-CV-331, 2017 WL 2819882 (S.D. Ohio June 28, 2017); *Warren v. Comm'r of Soc. Sec.*, No. 3:16-CV-00099, 2017 WL 480405, at *4 (S.D. Ohio Feb. 6, 2017), *report and recommendation adopted*, No. 3:16-CV-99, 2017 WL 1019508 (S.D. Ohio Mar. 14, 2017); *Klein v. Comm'r of Soc. Sec.*, No. 3:14-CV-78, 2015 WL 4550786, at *6 (S.D. Ohio Mar. 24, 2015).

Instead, the § 404.1527(c) supportability and consistency factors are to be "applied after the ALJ decides to 'not give the treating source's medical opinion controlling weight.'" *Lutz*, No. 3:16-CV-210, 2017 WL 3140878, at *3; *see also* 20 C.F.R. § 404.1527(c)(2) (stating that the supportability factor in paragraph (c)(3) is applied when the ALJ does "not give the treating source's medical opinion

6

controlling weight"); *see also Gayheart*, 710 F.3d at 376 (noting that these factors are "properly applied only after the ALJ has determined that a treating-source opinion will not be given controlling weight"). While failing to conduct a controlling weight analysis can constitute harmless error, *see Gayheart*, 710 F.3d. at 380, such failure is not harmless in this case because the record reveals findings[5] that support Dr. Longo's opinion regarding Plaintiff's mental limitations.

Specifically, in 2013, Plaintiff was admitted to the hospital for suicidal ideation. PageID 490. Noting that Plaintiff was tearful, had a depressed mood, and constricted affect, she was diagnosed with depression and she was placed on an anti-depressant by the emergency room doctor. *Id.* Her treatment records from 2014 also confirm Plaintiff's depression. PageID 387. Dr. Longo's own records document objective clinical findings supportive of his opinion. For example, Dr. Longo noted throughout his treatment notes that Plaintiff "appeared to be depressed and tearful" and that "her anxiety had increased." *See e.g.*, PageID 731, 737, 741, 744, 1064, 1081. Dr. Longo consistently provided Plaintiff with mechanisms to "manage depressive systems," when he found an "uptick in GAD-like anxiety and crying jags in response to the abuse." *Id.* Further, he noted that Plaintiff had made "minimal progress in her treatment goal as she continues to report symptoms of depression," and therefore increased medication to help control Plaintiff's symptoms, including anger and increased speed of thought process. *Id.* Finally, in 2015, Plaintiff was hospitalized for homicidal ideation and appeared tearful during her exam. PageID 859.

In light of these findings by trained medical professionals upon examination, a reasonable fact-finder could conclude that Dr. Longo's opinion concerning Plaintiff's mental health limitations is "well

---

[5] With regard to clinical findings of a mental impairment, the Sixth Circuit has "acknowledged the difficulty inherent in proving psychological disabilities." *Keeton v. Comm'r of Soc. Sec.*, 583 F. App'x 515, 526 (6th Cir. 2014). "'[W]hen mental illness is the basis of a disability claim, clinical and laboratory data may consist of the diagnosis and observations of professionals trained in the field of psychopathology.'" *Id.* (quoting *Blankenship v. Bowen*, 874 F.2d 1116, 1121 (6th Cir. 1989)). Thus, the ALJ's assertion that Dr. Longo's opinion "could only be based on an uncritical acceptance of the claimant's subjective complaints," PageID 70, does not constitute a "good reason" to discount his opinion regarding Plaintiff's mental functional limitations. *Mitchell v. Comm'r of Soc. Sec.*, 330 Fed. Appx. 563, 569 (6th Cir. 2009).

supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the case record." 20 C.F.R. § 404.1527(c). Thus, the ALJ's failure to conduct a specific controlling weight analysis fails to meet the goal of the Commissioner's regulations in this instance, and such failure amounts to reversible error.

## IV.

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing or to reverse and order the award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987). In this instance, evidence of disability is not overwhelming, and a remand for further proceedings is necessary.

## V.

For the foregoing reasons, **IT IS ORDERED THAT**: (1) the Commissioner's non-disability finding is unsupported by substantial evidence, and **REVERSED**; (2) this matter is **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and (3) this case is **TERMINATED** on the docket.

**IT IS SO ORDERED.**

Date:   April 10, 2019                              s/ Michael J. Newman
                                                    Michael J. Newman
                                                    United States Magistrate Judge